```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 12 24 08
- - - - - - - - - - - - - - - -x
```

UNITED STATES OF AMERICA          :

                                          **MEMORANDUM DECISION**

        - against -                :

                                          08 Civ. 9306 (DC)
EDUARDO LLUBERES,                  :       90 Cr. 0944 (DC)
                                          89 Cr. 0877 (DC)
              Defendant.           :

- - - - - - - - - - - - - - - -x

**APPEARANCES:**    LEV L. DASSIN, ESQ.
                 Acting United States Attorney for the
                      Southern District of New York
                 By:   Christopher L. LaVigne, Esq.
                       Assistant United States Attorney
                 One Saint Andrew's Plaza
                 New York, New York  10007

                 EDUARDO LLUBERES
                 Defendant <u>Pro</u> <u>Se</u>
                 U.S.P. Lewisburg
                 Box 1000
                 Lewisburg, Pennsylvania  17837

**CHIN, District Judge**

        <u>Pro</u> <u>se</u> defendant Eduardo Lluberes moves pursuant to 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence on

the ground of ineffective assistance of counsel.  The sole basis

of the motion is Lluberes's assertion that counsel failed to file

a notice of appeal on his behalf.  Lluberes is mistaken, however,

as his appeal is pending before the Second Circuit.  Thus, his

claim of ineffective assistance is without merit and the motion

is denied.[1]

---

[1]     Because I find that "it plainly appears from the
[section 2255] motion . . . and the record of the prior
proceedings that [Lluberes] is not entitled to relief," I do not

## BACKGROUND

In 1989, Lluberes was charged with possession of cocaine with the intent to distribute and conspiracy to possess with intent to distribute. (Presentence Report ¶¶ 2-3). The case went to trial in March 1990, but Lluberes fled while the jury was deliberating. (Id. ¶ 14). The jury convicted Lluberes on both counts. (Id. ¶ 4). A bench warrant was issued, and bail was revoked. (Id.). On December 27, 1990, he was indicted in a new case for bail-jumping. (Id. ¶¶ 5-6).

On December 6, 2005, Lluberes was arrested while attempting to engage in narcotics transactions. (Id. ¶ 14). On May 19, 2006, he pled guilty to the 1990 indictment. (Id. ¶¶ 5-7). I sentenced him to a term of imprisonment of 78 months based on both the 1989 narcotics charges and the 1990 bail-jumping charge. (Sen. Tr. 15).

Trial counsel filed a notice of appeal on March 19, 2007. The appeal was dismissed by the Second Circuit for failure to prosecute on August 8, 2007, but reinstated sua sponte on August 30, 2007. Trial counsel was relieved, and new counsel was appointed. Lluberes filed this motion on October 30, 2008. The appeal has not been decided.

---

order the United States Attorney to file an answer to the instant motion. See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

### DISCUSSION

Lluberes's motion is denied.  First, the motion is based on an incorrect factual premise.  Lluberes contends that his trial attorney failed to file a notice of appeal on his behalf, when, in fact, she did.  Second, to the extent Lluberes may be suggesting that counsel was ineffective in any other respect, the better practice, when a direct appeal is pending, is to deny a § 2255 motion without prejudice pending resolution of the appeal.  3 Charles Alan Wright et al., Federal Practice and Procedure § 597 (3d ed. 2007); see also United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002); United States v. Rafael Perez-Luna, Nos. 07 Civ. 5533, 94 Crim. 709 (DC), 2007 WL 2029282, at *2 (S.D.N.Y. July 16, 2007).

### CONCLUSION

For the reasons set forth above, Lluberes's motion is denied without prejudice to re-filing after his direct appeal is decided.  Because Lluberes has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

SO ORDERED.

Dated:     New York, New York
           December 24, 2008

DENNY CHIN
United States District Judge

-3-